UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES LESHORE, | ) |
|        Petitioner, | ) ) ) |
|     v. | )    No. 2:20-cv-00098-JMS-MJD |
| WARDEN, | ) ) ) |
|        Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

James Leshore's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISF 19-02-0098. For the reasons explained in this Entry, Mr. Leshore's petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

ISF 19-02-0098 began with the following conduct report, written February 12, 2019, by Officer C. Lane:

> I c/o Lane # 273 on 02-12-19 at approximately 0245 hours in 18S observed offender Leshore, James #921705 standing in front of the 18S D-side latrine in the last stall. He was masturbating and exposing himself while he was staring at me. The offender was identified by his state ID and informed of this CAB.

Dkt. 7-1.

On February 14, 2019, Mr. Leshore received notice that he was charged with violating Code 216, Sexual Conduct. Dkt. 7-4. Mr. Leshore asked to present testimony from certain witnesses as well as video of the incident. *Id.*

Inmate Dominique Randolph provided the following written statement:

> On 2/12/19 I was cleaning the doorm at night around 2 something and I started to clean the bathroom and I seen lashore on the toilet and I started talking to him then he left and I hoped in the shower on that side. The officer stated after the situation that lashore was standing up playing with his self against the wall in the back if the Sgts. would of looked from were she was sittin you cant see back there the way our curtin is made.

Dkt. 7-7. Officer Null also provided a written statement: "Did not observe [incident]. Conduct report stands as written." Dkt. 7-9.

Sergeant Nauman, the hearing officer, provided Mr. Leshore a written summary of the security video showing the latrine entrance during the timeframe described in the conduct report. Dkt. 7-8. Sergeant Nauman described the video as follows:

> During the time reviewed staff can be seen at the desk and many offenders enter the latrine and exit. It is unclear what happens by the stall due to unavailability.

*Id.* The Court has watched the video, which the respondent filed ex parte. Dkt. 11. The camera faces the entrance to the latrine in the center of the frame. A desk sits to the left of the latrine entrance. Sinks can be seen through the latrine entryway, but everything else in the latrine is

blocked from view by a wall on the right side of the frame. Two staff members appear at the desk throughout the video. As Sergeant Nauman observed, several inmates enter and exit the latrine. It is not clear which (if any) inmate is Mr. Leshore. No staff member enters or exits the latrine.

The matter proceeded to a disciplinary hearing on February 21, 2019. Dkt. 7-6. According to Sergeant Nauman's report, Mr. Leshore made the following statement in his defense:

> There was 3 of us in the bathroom and actually smoking. Sgt. came up and brought me out asked me if I was masturbating in the latrine.

*Id.* Mr. Leshore affirmed the accuracy of that statement in his administrative appeal. Dkt. 7-10.

Sergeant Nauman found Mr. Leshore guilty based on the conduct report "and witness." Dkt. 7-6. Sergeant Nauman assessed sanctions, including a loss of earned credit time and a demotion in credit-earning class. *Id.* Mr. Leshore's administrative appeals were denied. Dkts. 7-10, 7-11.

### III. Analysis

Mr. Leshore bases his petition on two challenges to the evidence supporting his disciplinary conviction. First, Mr. Leshore notes that the video does not show Officer Lane identifying him (or anyone else) as she states in her conduct report. Dkt. 1 at 2. Second, Mr. Leshore adds that Randolph, the only witness who submitted a statement, testified that Officer Lane could not have seen the stall where she says she observed Mr. Leshore. *Id.*

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The

3

some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Officer Lane's conduct report is "some evidence" supporting the hearing officer's determination that Mr. Leshore violated Code 216. Simply put, Officer Lane stated that she witnessed Mr. Leshore exposing himself and masturbating. Dkt. 7-1. Mr. Leshore does not dispute that this report describes a violation of Code 216.

Mr. Leshore correctly notes that the security video does not show any of the actions described in the conduct report. However, the video also does not contradict the conduct report. Officer Lane stated that Mr. Leshore violated Code 216 from inside a bathroom stall. The video does not show the stalls. It is no surprise, then, that the video does not show Mr. Leshore or his interactions with Officer Lane. The conduct report also does not state that Officer Lane led Mr. Leshore out of the bathroom, so the fact that the video does not show her doing so makes no difference.

This is not a case where the video "so utterly discredits" the conduct report and the hearing officer's decision that the Court must "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). Mr. Leshore asks the Court to afford greater weight to the video and to Randolph's statement than the hearing officer did. The Court may not do so. *Rhoiney*, 723 F. App'x at 348.

Mr. Leshore also asserts that he was denied his right to be heard by an impartial decision-maker. However, his only allegation of bias is that the hearing officer discounted the evidence

4

favorable to him. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "[T]he constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Mr. Leshore's evidentiary challenges do not undermine the presumption that his case was heard by an impartial decision-maker.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Leshore's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Leshore's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/8/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES LESHORE
921705
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov